**MANDATE**

12-4169-cv

*William Gilman v. Eliot Spitzer and The Slate Group, LLC*

N.Y.S.D. Case #
11-cv-5843(JPO)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:

> JOHN M. WALKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>
> *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 11, 2013

_____

WILLIAM GILMAN,

> *Plaintiff-Counter-Defendant-Appellant*,

-v.-                                                    No. 12-4169-cv

ELIOT SPITZER AND THE SLATE GROUP, LLC,

> *Defendants-Counter-Claimants-Appellees.*

_____

1

DAVID I. GREENBERGER, Liddle & Robinson, L.L.P. (Jeffrey L. Liddle, James W. Halter, on the brief), New York, New York, for *Plaintiff-Counter-Defendant-Appellant*.

LEE LEVINE, Levine Sullivan Koch & Schulz, LLP (Jay Ward Brown, Katharine Larsen, Matthew E. Kelley, on the brief), Washington, D.C., for *Defendants-Counter-Claimants-Appellees*.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 28, 2012, is **AFFIRMED**.

Appellant William Gilman appeals from a judgment on the pleadings in favor of Appellees Eliot Spitzer ("Spitzer") and the Slate Group, LLC ("Slate"), dismissing Appellant's defamation claim, which concerned a column authored by Spitzer and published by Slate on August 22, 2010.

We review *de novo* a judgment on the pleadings and "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court in its detailed and well-reasoned opinion. *See Gilman v. Spitzer*, 902 F. Supp. 2d 389 (S.D.N.Y. 2012).

The relevant column, titled "They Still Don't Get It," responded to a *Wall Street Journal* editorial that called into question Spitzer's record prosecuting the insurance industry. Though the column does not mention Gilman by name, it alludes to his conviction on antitrust charges, which was later vacated, as part of Spitzer's investigation into the company Marsh & McLennan ("Marsh"). In the column, Spitzer wrote that:

> The *Journal*'s editorial also seeks to disparage the cases my office brought against Marsh & McLennan for a range of financial and business crimes. The editorial notes that two of the cases against employees of the company were dismissed after the defendants had been convicted. The judge found that certain evidence that should have been turned over to the defense was not. (The cases were tried after my tenure as attorney general.) Unfortunately for the credibility of the *Journal*, the editorial fails to note the many employees of Marsh who have been convicted and sentenced to jail terms, or that Marsh's behavior was a blatant abuse of law and market power: price-fixing, bid-rigging, and kickbacks all designed to harm their customers and the market while Marsh and its employees pocketed the increased fees and kickbacks. Marsh as a company paid an $850 million fine to resolve the claims and brought in new leadership.

Gilman alleges that, given the reference to his vacated conviction and in the context of the column as a whole, Spitzer defamed him when he mentioned "the many employees of Marsh who have been convicted and sentenced to jail terms," and stated that "Marsh's behavior was a blatant abuse of law and market power: price-fixing, bidrigging, and kickbacks all designed to harm their customers and the market while Marsh and its employees pocketed the increased fees and kickbacks." The district court found that no reasonable reader could understand these statements to be "of and concerning" Gilman. We agree.

To state a claim for defamation, a plaintiff must establish "that the [challenged] matter is published of and concerning the plaintiff." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (internal quotation mark omitted). That is, the plaintiff must show that "the allegedly defamatory comment refer[s] to the plaintiff," *Brady v. Ottaway Newspapers, Inc.*, 445 N.Y.S.2d 786, 788 (2d App. Div. 1981), such that those knowing the plaintiff "understand that [he] was the person meant," *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "[W]here the person defamed is not named in a defamatory publication, it is necessary, if it is to be held actionable as to him, that the language used be such that persons reading it will, in the light of the surrounding circumstances, be able to understand that it refers to the person complaining." *Algarin v. Town of Wallkill*, 421 F.3d 137, 139 (2d Cir. 2005) (quoting *DeBlasio v. N. Shore Univ. Hosp.*, 624 N.Y.S.2d 263, 264 (2d App. Div. 1995)).

A reasonable reader could not conclude that the challenged statements were "of and concerning" Gilman. First, Spitzer's acknowledgment that Gilman's conviction was vacated plainly exempts Gilman from the group of Marsh employees, referenced in the first challenged statement, "who have been convicted and sentenced to jail terms." No reasonable reader would understand Spitzer to, in one instance, state that the *Journal* "note[d]" the dismissal of Gilman's case and, in the next breath, accuse the *Journal* of "fail[ing] to note" Gilman's case. Moreover, in the second challenged statement, Spitzer refers to "Marsh" as a company. Such a broad reference to an organization cannot give rise

4

to a defamation claim by one of its constituent members. *See Abramson v. Pataki*, 278 F.3d 93, 102 (2d Cir. 2002). Similarly, Spitzer's generalized reference to "Marsh and its employees" cannot reasonably be read to directly or impliedly refer to Gilman.

Gilman argues that knowledgeable readers would immediately tie these statements to him, given the allegations leveled against him during Spitzer's investigation of Marsh. However, the opposite conclusion is true: readers aware that Gilman's conviction had been vacated would be *less* likely to believe that he was one of the employees Spitzer referenced. Given the numerous linguistic and logical flaws with Gilman's claim, we determine that the challenged statements cannot reasonably be understood to be "of and concerning" him.

We have considered Gilman's remaining arguments and conclude that they are without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit